**Michael A. SWEET, Plaintiff—Appellee,**

v.

**R. HERNANDEZ; et al., Defendants—Appellants,**

and

**R. Ceyzyk, Defendant.**

No. 03–16595.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.\*

Decided Aug. 19, 2004.

R.App. P. 34(a)(2).

Michael A. Sweet, Ione, CA, pro se.

Jennifer G. Perkell, Office of the California Attorney General, San Francisco, CA, for Defendant–Appellant.

Before: SCHROEDER, RAWLINSON, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Four Salinas Valley State Prison officials, Hernandez, Monteiro, Mandeville,

and Moore ("Defendants"), appeal the district court's order denying their motion for summary judgment in a 42 U.S.C. § 1983 action brought by prisoner Michael Sweet. Sweet, appearing pro se, alleged that Defendants deliberately disregarded a substantial risk of serious harm by re-housing him in a facility where he had previously been injured in altercations with other prisoners. We have jurisdiction under 28 U.S.C. § 1291 to consider a denial of qualified immunity. *See Jeffers v. Gomez*, 267 F.3d 895, 903 (9th Cir.2001). We review de novo, *Billington v. Smith*, 292 F.3d 1177, 1183 (9th Cir.2002), and we affirm.

The district court properly denied Defendants' motion for summary judgment because Sweet established a material issue of fact as to whether he had alerted the officers to the danger to his safety. *See Estate of Ford v. Ramirez–Palmer*, 301 F.3d 1043, 1045 (9th Cir.2002) (requiring that facts be taken in the light most favorable to the prisoner). If, as Sweet alleges, he made the prison officials aware of his fear of being attacked by the same gang members who had previously targeted him, it would be clear to a reasonable state official in the Defendants' position that knowingly reassigning Sweet to the same prison yard where he had just been the victim of a violent attack was unlawful. *See Farmer v. Brennan*, 511 U.S. 825, 833–34, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (defining a prison official's duty "to protect prisoners from violence at the hands of other prisoners").

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.